[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11501

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DANIEL ERIC COBBLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:14-cr-00077-CDL-CHW-1

_____

Before ROSENBAUM, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Upon our review of the record and the parties' responses to the jurisdictional question, this appeal is DISMISSED for lack of jurisdiction. Daniel Cobble appeals from the district court's April 24, 2024 order approving the magistrate judge's order extending the time for the government to respond to Cobble's 28 U.S.C. § 2255 motion to vacate and denying various procedural motions. However, that order is not final or immediately appealable.

The district court's order is not final because it did not end the litigation on the merits, as Cobble's § 2255 motion remains pending before the district court. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (providing that a final judgment ends the litigation on the merits and leaves nothing for the court to do but execute the judgment).

The district court's order is also not immediately appealable under the collateral order doctrine or as an injunction. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1253 (11th Cir. 2014) (explaining that a non-final order may be appealed under the collateral order doctrine if it, *inter alia*, is effectively unreviewable on appeal from a final judgment); *Positano Place at Naples I Condo. Ass'n v. Empire Indemnity Ins. Co.*, 84 F.4th 1241, 1249, 1251-52 (11th Cir. 2023) (explaining that an interlocutory order that does not explicitly address a request for injunctive relief may be appealed if it, *inter alia*, can be effectively challenged only by immediate appeal).

24-11501                Opinion of the Court                3

Cobble did not explicitly request injunctive relief in any of his motions.  *See Positano Place*, 84 F.4th at 1249.  Further, both the extension of the government's time to respond to Cobble's § 2255 motion and the denial of each of Cobble's other motions can be effectively reviewed in an appeal from a proper final judgment resolving Cobble's § 2255 motion.  *See id.* at 1251-52; *Schair*, 744 F.3d at 1253.  Accordingly, we lack jurisdiction to entertain this interlocutory appeal.